Daniels, J.
The plaintiff executed and delivered to the defendant a lease of real and personal property in East Twelfth street for the term of ten years, commencing on the 1st of November, 1880, and ending on the 1st of November, 1890. The defendant agreed to pay by the way of rent $1,895.83 on or before the fifteenth day of each month during the term. And when the payments should be all completed and made, and the covenants in the lease fully performed, the plaintiff obligated herself to execute and deliver to the defendant a good and sufficient conveyance free from all incumbrances. She also became bound to keep the propertv insured for the benefit of the defendant. It was further covenanted in the lease that after the 1st of November, 1883, the defendant should be at liberty to pay the rent reserved by the lease in one gross sum, deducting interest at the rate of four per cent fipm each installment, tó the time when by the terms of the lease it would become payable. The defendant, on the 30th of April, 1885, elected to avail itself of this right and to pay to the plaintiff the amount payable to her under the lease at that time, and to receive from her the conveyance of the property. But in the adjustment of the amount to be paid a dispute, or misunderstanding, arose as to three items. One of these was seven-twelfths of the premiums for insurance paid by the plaintiff from the 1st of December, 1884, to the 1st of December,- 1885.
This part of the premiums was repaid to her from the 1st of May, 1885, as her insurable interest in the property ceased at that time. But no obligation was entered into by her in any form by which she became bound to pay over any rebate in the insurance to the defendant. The rights of the parties upon this subject were to be determined under a clause in the lease including no such obligation. She was not obliged to continue the insurance after *233 the conveyance for the benefit of the defendant, but all that she was bound to do in this particular was to make an adjustment, not including any obligation on her part to pay to it, or account for this money. As to that the defendant has no legal claim against the plaintiff.
The defendant also claimed, to be allowed against the gross payment, the annual Croton water rate, amounting to the sum of sixty dollars per year. This claim was made upon the obligation of the plaintiff to allow as part of the gross payment the amount of the annual taxes imposed upon the property. This charge for the use of the water would not ordinarily be understood to be within the signification of the word taxes. But by the second and seventh subdivisions of the lease this charge appears to have been assumed by the plaintiff, and all that the defendants became hable to pay for the water were the rents and charges in excess of the ordinary rates assessed upon the buildings. That excess, both by the second and seventh subdivisions of the lease, was charged upon the defendant, and no other or greater charge was to be made against them for the use of the water than that which should become necessary to make the payments for the excess of water beyond the ordinary rates. The residue chargeable against the buildings were a part of the annual expenditures required to be made by the plaintiff, and as that annual expenditure will be charged from the time when the conveyance was made by her to the defendant, and imposed upon the latter, she has to that extent been relieved from the obligations created by the lease, and should account to or allow the defendant for this annual charge in the settlement and adjustment of the amount to be paid by the latter to extinguish the obligations created in the lease.
The defendant also claimed to be allowed in the adjustment the taxes for the year 1890, and that claim is well founded upon the language contained in the eighteenth subdivision of the lease. For by that subdivision the plaintiff agreed to “ further allow, as part of such gross payment, the amount of the annual taxes for each of the then unexpired years of the term hereby granted.” And one of the unexpired years granted by the lease was the year 1890. And for the purposes of this portion of the lease it was further agreed that “the first day of December in each year is the day of payment of said taxes.” That included, with the exception of one month, the entire year for which the taxes should be imposed and collected, and as it was one of the unexpired years of the term the plaintiff was legally bound to allow in the settlement the taxes of that year at the sum agreed upon in the case. This agreement was *234 probably made upon the understanding of the statutory provisions applicable to taxes in the city of New York, by which they would become a lien upon the property prior to-the first day of December of each year. And as the plaintiff bound herself to execute and deliver a deed of the premises at the expiration of the term, free from incumbrances, such a deed would necessarily include her obligation to pay and extinguish these taxes. As to the annual. Croton water charge and the taxes for the year 1890, the-defendant is entitled to judgment. But as to the seven-twelfths of the insurance premiums judgment should be-ordered in favor of the plaintiff, and the judgment should be without costs.
Brady, J., concurs.